# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1676
Filed July 8, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Bradley Leroy Charles Eckert,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Floyd County,
The Honorable Blake H. Norman, Judge.

————————————

**AFFIRMED**

————————————

Debra S. De Jong of De Jong Law Firm, P.C., Orange City,
attorney for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

————————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

After his trial for third-degree sexual abuse ended with a hung jury, nineteen-year-old Bradley Eckert entered an *Alford* plea to the offense in May 2023.[1] He received a deferred judgment and was placed on probation. Over the next two years, Eckert was the subject of three probation violation proceedings. At the third one, the district court revoked Eckert's deferred judgment and sentenced him to prison.

Eckert appeals,[2] claiming the district court abused its discretion by ignoring mitigating factors that supported his request for probation. He argues the court failed to give adequate weight to his young age and addiction to marijuana, both of which impacted his decision-making. Eckert notes that he "had finally started to test negative for marijuana" and was keeping appointments with his probation officer. He also urges that he accepted responsibility for the violations in the third revocation proceeding by admitting that he failed to attend sex offender treatment and register as a sex offender and by agreeing to the revocation of his deferred judgment.

"A sentencing court's decision to impose a specific sentence that falls within the statutory limits," as was the case here, "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (cleaned up). "Our task on appeal is not to second-guess the sentencing court's decision." *State v. McCalley*, 972

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt).

[2] Because Eckert is challenging the sentence imposed after the district court revoked his deferred judgment, he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2025). *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020).

N.W.2d 672, 677 (Iowa 2022) (citation omitted). Yet that is exactly what Eckert asks us to do. While the sentencing court did not give the same weight to the factors that Eckert does on appeal—or specifically mention all those factors—it was not required to do so. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995) (stating that a sentencing court is not "required to specifically acknowledge each claim of mitigation urged by a defendant").

In explaining its sentencing decision, the district court told Eckert:

> The factors that I consider and have considered are your age, attitude, prior criminal record, employment, family and financial circumstances, the nature of the offense, the fact whether force or a weapon was used, the recommendations of the parties, and your ability to be rehabilitated through community services.

> I start with the reason we are all here, which is that you entered an *Alford* plea to Sexual Abuse in the Third Degree. That is a sex offense that involved, if I recall, a minor, under the age of eighteen. That act alone could warrant incarceration. However, the judge at the time of sentencing felt that an opportunity should be given to you, and you were granted a deferred judgment.

> That was your wake-up call. So now, two years later we sit here after, I believe, at least two prior violations and dispositional orders, one that placed you at the residential correctional facility. Then you were given another opportunity to keep your deferred judgment, and I believe you served seven days in jail. . . .

> So here we sit, now, on your third revocation. And now we're not talking about marijuana use. Now you've violated—excuse me—violated the requirements of the Sex Offender Registry. Also, you're not doing your sex offender treatment. I would rather you have been doing marijuana use than doing those two violations. Both are wrong. But in my eyes, the most important thing you could be doing the last two years was getting the sex offender treatment done. . . .

> And it saddens me to see this, because we've already tried the . . . residential correctional facility; we've given you jail time; we gave you a

deferred. This is now the fourth time you're before the Court and still saying that you should have probation.

Unfortunately, sir, at this time that is not the option I'm going to give you. You are going to be incarcerated. I do not do that lightly. . . . And the reason is, frankly, we've tried to have you rehabilitated in the community. At some point we have to give the next option, which you've known from the beginning that you could be sent to prison. And it's unfortunate that you have not taken . . . that opportunity to avoid that consequence.

Eckert's challenge simply asks us to reweigh the sentencing factors and exercise our own judgment in place of the district court. That is not our role on appeal. *See State v. Gordon*, 998 N.W.2d 859, 863 (Iowa 2023) ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently. . . , but to determine if it was unreasonable or based on untenable grounds." (cleaned up)). Finding no abuse of discretion in the court's sentencing decision, we affirm.

**AFFIRMED.**